THE STATE, EX REL. HENDERSON, APPELLANT AND CROSS-APPELLEE, *v.* MAPLE HEIGHTS CIVIL SERVICE COMMISSION ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as State, ex rel. Henderson, v. Civil Service Comm. (1980), 63 Ohio St. 2d 39.]

(No. 80-80—Decided July 2, 1980.)

---

*Messrs. Stege & Delbaum* and *Mr. Charles M. Delbaum,* for appellant.

*Messrs. Squire, Sanders & Dempsey, Mr. B. Casey Yim* and *Mr. John T. Meredith,* for appellees.

*Per Curiam.* The Court of Appeals, without discussion, dismissed relator's action because "[r]elator has an adequate remedy at law." Presumably, the court was making reference to the procedure found in R. C. 124.34. Under that section, an employee who is being removed may appeal to the appropriate civil service commission and, if not satisfied, may then appeal to the Court of Common Pleas of the county in which that employee resides in accordance with R. C. Chapter 119.

A denial by the respondent civil service commission of jurisdiction of this controversy represented a final appealable order. When the commission refused relator's request for a hearing, relator should have appealed to the Court of Common Pleas. Having failed to do so, and, thereby having failed to pursue his appellate remedies in the ordinary course of law, he cannot now collaterally attack this jurisdictional determination. See *State, ex rel. Stough,* v. *Bd. of Edn.* (1977), 50 Ohio St. 2d 47, and *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.