THE STATE, EX REL. CASALE ET AL., APPELLEES, v.
MCLEAN, ZONING INSPECTOR, APPELLANT.

[Cite as State, ex rel. Casale, v. McLean (1991), 58 Ohio St. 3d 163.]

(No. 90-172—Submitted January 22, 1991—Decided March 27, 1991.)

*Frank R. Bodor*, for appellees.
*James J. Rounsley*, for appellant.

*Per Curiam.* McLean contends that the appellate court erred in granting the writ of mandamus. We disagree and affirm the judgment of the court of appeals.

McLean first argues that the board acted beyond its authority in granting the variance. He reasons that the decision is null and void because, by granting a variance "amending" the Howland Township Zoning Ordinance, the board usurped the legislative functions reserved to the Howland Township Zoning Commission and/or the Board of Howland Township Trustees.

The appellate court found that the board did not lack authority to grant the variance. We agree.

Section 19 of the Howland Township Zoning Ordinance empowers the board to authorize a variance "* * * as will not be contrary to the public interest, where owing to special conditions a literal enforcement of the provisions * * * will result in unnecessary hardship * * *." Moreover, R.C. 519.14 provides, in part:

"The township board of zoning appeals may:

"* * *

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.] * * *"

A simple comparison between the above-noted provisions and the April 2, 1965 decision demonstrates that the board did not act in excess of its express powers. On finding that the variance would not be contrary to the public interest, and that a literal enforcement of the resolution would result in unnecessary hardship to the property owners, the board authorized a variance. Because the board acted within its authority, we find that its decision is not void.

Next, McLean argues, in essence, that the board's decision is voidable. He maintains that the board did not comply with R.C. 519.14(B) and Section 19 of the zoning ordinance because the board's decision was unreasonable and not in the best public interest. He implies that the decision was contrary to the public interest because a portion of the neighborhood surrounding the mobile home park is residential.

The appellate court found that it was too late for McLean to raise this objection. Again, we agree.

Because no timely appeal was taken from the April 2, 1965 decision,

McLean is precluded from attacking it collaterally as being unreasonable and contrary to the public interest. This matter is *res judicata*. See *State, ex rel. Bingham,* v. *Riley* (1966), 6 Ohio St. 2d 263, 35 O.O. 2d 424, 217 N.E. 2d 874, and *State, ex rel. Henderson,* v. *Maple Hts. Civil Service Comm.* (1980), 63 Ohio St. 2d 39, 17 O.O. 3d 24, 406 N.E. 2d 1105, in which we found matters *res judicata* because no timely appeal(s) had been taken. See, also, *Set Products, Inc.* v. *Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St. 3d 260, 31 OBR 463, 510 N.E. 2d 373, in which we explained that *res judicata* applies to proceedings before a board of zoning appeals and that a variance, once granted, runs with the land and, as a judgment *in rem*, cannot be collaterally attacked.

Last, McLean argues that the doctrine of laches bars enforcement of any right Casale may have to the zoning certificate. McLean asserts that the delay in acting on the variance worked to the disadvantage of the township because "[t]he very factors upon which the decision rendered by the Board of Appeals * * * have changed dramatically, i.e., twenty-five percent (25%) expansion equating to fourteen (14) trailer pads making it impractical to install a new septic tank sewage system and new water system versus the present day sanitary sewer system which is available and the area surrounding the mobile home park on the north and northwest areas being residential * * *."

The appellate court found that McLean failed to demonstrate any disadvantage. We agree.

To successfully invoke the defense of laches, a party must show that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting the claim. Moreover, material prejudice will not be inferred from a mere lapse of time. See *State, ex rel. Caspar,* v. *Dayton* (1990), 53 Ohio St. 3d 16, 20, 558 N.E. 2d 49, 53, and the cases therein cited.

All that McLean offers to support his assertion that the delay in acting on the variance worked to the disadvantage of the township is a bare assertion that certain factors "have changed dramatically." However, a review of the record sheds little meaningful light on the precise nature of these alleged changes. Moreover, McLean has failed to adequately explain how, in view of these allegations, the township has been *materially prejudiced*. Because material prejudice has not been shown, we find that McLean cannot successfully invoke the defense of laches.

For the foregoing reasons, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.