[Cite as *Lane v. Pickerington*, 2011-Ohio-1908.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
|  | : | JUDGES: |  |
| PAUL LANE | : | William B. Hoffman, P.J. |  |
|  | : | Julie A. Edwards, J. |  |
| Relator | : | Patricia A. Delaney, J. |  |
|  | : |  |  |
| -vs- | : | Case No. 10-CA-14 |  |
|  | : |  |  |
|  | : |  |  |
| CITY OF PICKERINGTON, et al., | : | O P I N I O N |  |
|  |  |  |  |
| Respondents |  |  |  |

CHARACTER OF PROCEEDING:      Writ of Mandamus Complaint

JUDGMENT:      Summary Judgment Granted in Favor
of Respondents; Writ Denied

DATE OF JUDGMENT ENTRY:      April 13, 2011

APPEARANCES:

For Relator                                          For Respondents

MICHAEL A. MOSES                        PHILLIP K. HARTMANN
Moses Law Offices, L.L.C.               PAUL L. BITTNER
330 South High Street                      AARON L. GRANGER
Columbus, Ohio  43215                    Schottenstein, Zox & Dunn, LPA
                                                          250 West Street, Suite 700
                                                          Columbus, Ohio  43215

*Edwards, J.*

{¶1} Relator, Paul Lane, was employed by Respondent, the City of Pickerington, as an Inspections Administrator. On November 5, 2009, Lane was terminated from his employment with the City. Thereafter, on November 17, 2009, Relator requested a hearing before Respondent, City of Pickerington Personnel Appeals Board. By a letter dated December 1, 2009, Relator was informed by an attorney representing the City that the City would not allow a hearing before the Personnel Appeals Board because Relator was an unclassified employee.

{¶2} Relator has filed a Complaint for Writ of Mandamus requesting this Court to issue a writ of mandamus requiring Respondents to conduct a hearing and issue a determination on the merits of Relator's appeal.

{¶3} Both parties have filed motions for summary judgment. Respondents argue they are entitled to judgment as a matter of law because Respondents have no clear duty to provide an appeal due to the fact Relator was not a classified employee. Respondents also suggest Relator has or had an adequate remedy at law by way of an appeal to the Court of Common Pleas pursuant to R.C. 2506.01.

{¶4} "Summary judgment is appropriate if (1) no genuine issue of any material fact remains, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *State ex rel. Duncan v. Mentor City Council,* 105 Ohio St.3d 372, 2005-Ohio-2163, 826

N.E.2d 832, ¶ 9; see also *Todd Dev. Co. v. Morgan,* 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 11.

{¶5} To be entitled to a writ of mandamus, a relator must demonstrate the following: (1) the relator has a clear legal right to the requested relief; (2) the respondent is under a clear legal duty to perform the requested act; and (3) the relator has no plain and adequate remedy in the ordinary course of law. *State ex rel. Natl. City Bank v. Bd. of Edn.* (1977), 52 Ohio St.2d 81, 84.

{¶6} We find the question of whether an adequate remedy in the ordinary course of law exists to be dispositive of the issue presented in this case. Respondents contend Relator has or had an adequate remedy at law by way of appeal to the Court of Common Pleas pursuant to R.C. 2506.01. We agree.

{¶7} The Supreme Court of Ohio has addressed this issue in a case analogous to the case at bar. In *State ex rel. Henderson v. Maple Heights Civil Service Commission, et al.* (1980), 63 Ohio St.2d 39, 406 N.E.2d 1105, the Supreme Court held, "A denial by the respondent civil service commission of jurisdiction of this controversy represented a final appealable order. When the commission refused relator's request for a hearing, relator should have appealed to the Court of Common Pleas. Having failed to do so, and, thereby having failed to pursue his appellate remedies in the ordinary course of law, he cannot now collaterally attack this jurisdictional determination. See *State ex rel. Stough v. Bd. of Edn.* (1977), 50 Ohio St.2d 47, 362 N.E.2d 266, and *State ex rel. Bingham v. Riley* (1966), 6 Ohio St.2d 263, 217 N.E.2d 874." *Id.* at 1106.

{¶8} In *Henderson,* the relator's attorney received a letter from the civil service commission, through the commission's legal counsel, which stated, relator "does not fall

within the confines of the Civil Service Commission of the City of Maple Heights, Ohio." Likewise in the instant case, Relator was sent a letter stating in part, "The PAB does not have jurisdiction to hear an appeal from an unclassified employee regarding dismissal. Therefore, the City respectfully declines your request for a hearing before the PAB."

{¶9}   Article IV, Section 4.11 of the City of Pickerington Charter provides in relevant part: "The Law Director shall be the legal adviser of and attorney and counsel for the Municipality and for all officials, boards, commissions, and departments thereof in all matters relating to their official duties."   Pursuant to this section of the City's charter, the law director represents both the city and all boards which would include the Personnel Appeals Board.  As part of this representation, the law director sent a letter to Relator advising him he was not going to be afforded a hearing before the Personnel Appeals Board.

{¶10}  We find the letter sent in both cases to be equivalent.  The Supreme Court found the letter denying a request for a hearing before a civil service commission to be sufficient from which to appeal to the Court of Common Pleas.   The appeal to the Court of Common Pleas provides an adequate remedy in the original course of law the existence of which precludes the issuance of a writ of mandamus.

{¶11} Based upon the foregoing, we grant summary judgment in favor of Respondents and deny Relator's motion for summary judgment.  The writ of mandamus will not issue.


By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____
                              JUDGES

JAE/as0223

[Cite as *Lane v. Pickerington*, 2011-Ohio-1908.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

PAUL LANE                                    :
                                             :
                        Relator              :
                                             :
                                             :
-vs-                                         :        JUDGMENT ENTRY
                                             :
CITY OF PICKERINGTON                         :
                                             :
                        Respondents          :        CASE NO. 10-CA-14


For the reasons stated in our accompanying Memorandum-Opinion on file, summary judgment is granted in favor of Respondents. The Complaint for writ of mandamus is denied. Costs assessed to Relator.


_____

_____

_____
                                              JUDGES