[Cite as *State ex rel. Lane v. Pickerington,* 130 Ohio St.3d 225, 2011-Ohio-5454.]

[THE STATE EX REL.] LANE, APPELLANT, *v.* CITY OF

PICKERINGTON ET AL., APPELLEES.

[Cite as *State ex rel. Lane v. Pickerington,*

130 Ohio St.3d 225, 2011-Ohio-5454.]

*Public employees—Mandamus sought to compel municipal personnel appeals board to conduct hearing—Letter from city law director insufficient to constitute appealable order of board—Remand to court of appeals.*

(No. 2011-0922—Submitted October 18, 2011—Decided October 27, 2011.)

APPEAL from the Court of Appeals for Fairfield County,

No. 10-CA-14, 2011-Ohio-1908.

_____

**Per Curiam.**

{¶ 1} This is an appeal from a judgment entered by the court of appeals denying a writ of mandamus to compel a city and its personnel appeals board to conduct a hearing and make a determination on the merits of a municipal employee's appeal of his removal from employment. Because the court of appeals erred in holding that the employee had an adequate remedy by appeal to the common pleas court to raise his claims when there was no evidence that the board had issued any decision, we reverse the judgment of the court of appeals and remand the cause to the court for further proceedings consistent with this opinion.

**Facts**

{¶ 2} Appellant, Paul Lane, was employed by the city of Pickerington, Ohio, from August 30, 1999, until November 2, 2009. Lane worked for the city as a construction-inspection supervisor until November 2005 and then as an

inspections administrator until November 2, 2009. According to Lane, he was in the classified civil service during his employment with Pickerington.

{¶ 3} Effective November 2, 2009, following a hearing, the interim city manager terminated Lane's employment for disciplinary reasons. By letter dated November 5, 2009, the interim city manager issued a notice that was hand-delivered to Lane by the city's personnel director notifying him of his termination from employment for violating Section 7.14 of the city's Personnel Policy and Procedures Manual, Use of Technology, Section 2.

{¶ 4} On November 17, 2009, Lane submitted to the city's personnel director a request for a hearing before appellee Pickerington Personnel Appeals Board regarding his termination from employment. Section 9.03 of the Pickerington City Charter specifies, "The Personnel Appeals Board shall be established to hear appeals whenever any official or employee in the competitive service feels aggrieved by any action of the City Manager or is suspended, reduced, or removed and requests such hearing."

{¶ 5} By letter dated December 1, 2009, Pickerington Law Director Phillip K. Hartmann responded to Lane's request for a hearing before the personnel appeals board by rejecting the request:

{¶ 6} "This letter is in response to your November 17, 2009 request for a hearing before the Personnel Appeals Board 'PAB.' Pursuant to Charter Sections 9.02 and 9.03, the PAB rules and the Codified Ordinances of the City, the position you previously held as the Director of the Building Department is an exempt position and therefore considered 'unclassified.' The PAB does not have jurisdiction to hear an appeal from an unclassified employee regarding dismissal.

{¶ 7} "Therefore, the City respectfully declines your request for a hearing before the PAB. If you should have any questions or concerns, please do not hesitate to contact me."

{¶ 8}   Several months later, in March 2010, Lane filed a complaint in the Court of Appeals for Fairfield County for a writ of mandamus to compel appellees, Pickerington and its personnel appeals board, to conduct a hearing and issue a determination on the merits of his appeal, reinstate him to the position of inspections administrator, and award back pay and corresponding employment benefits.  After the parties submitted motions for summary judgment, on April 13, 2011, the court of appeals granted appellees' motion and denied the writ.

{¶ 9}   This cause is now before the court on Lane's appeal as of right.

### Legal Analysis

{¶ 10} Lane requested a writ of mandamus to compel Pickerington and the Pickerington Personnel Appeals Board to, inter alia, conduct a hearing on his appeal from his discharge from employment and to issue a determination on the merits.  To be entitled to the writ, Lane must establish a clear legal right to the requested relief, a corresponding clear legal duty on the part of appellees to provide it, and the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 20.

{¶ 11} The court of appeals denied the writ because it determined that Lane had an adequate remedy in the ordinary course of law by administrative appeal to the common pleas court from the personnel appeals board's decision.  "Mandamus will not issue when the relators have an adequate remedy in the ordinary course of law."  *State ex rel. Voleck v. Powhatan Point*, 127 Ohio St.3d 299, 2010-Ohio-5679, 939 N.E.2d 819, ¶ 7; R.C. 2731.05.  "An administrative appeal generally constitutes an adequate remedy in the ordinary course of law that precludes a writ of mandamus."  *State ex rel. Natl. Emps. Network Alliance, Inc. v. Ryan*, 125 Ohio St.3d 11, 2010-Ohio-578, 925 N.E.2d 947, ¶ 1.

{¶ 12} Pursuant to R.C. 124.34, "an employee who is being removed may appeal to the appropriate civil service commission and, if not satisfied, may then

appeal to the Court of Common Pleas * * * in accordance with R.C. Chapter 119." *State ex rel. Henderson v. Maple Hts. Civ. Serv. Comm.* (1980), 63 Ohio St.2d 39, 41, 17 O.O.3d 24, 406 N.E.2d 1105; see R.C. 124.34(B) ("In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officer or employee may appeal from the decision of the state personnel board of review or the [municipal civil service] commission, and any such appeal shall be to the court of common pleas of the county in which the appointing authority is located, or to the court of common pleas of Franklin county, as provided by section 119.12 of the Revised Code").

{¶ 13} The court of appeals relied on our decision in *Henderson* to deny Lane's request for extraordinary relief in mandamus. In *Henderson*, a nonresident employee of the city of Maple Heights appealed to the city's civil service commission from the city's termination of his employment for his failure to comply with the city charter's residency requirement. The civil service commission, through its legal counsel, denied the employee's request for a hearing because his appeal did not fall within the commission's jurisdiction. The employee then sought a writ of mandamus to compel the civil service commission to conduct a hearing to allow him to contest his termination from employment and to direct the mayor and transit director to reinstate him to his former position with back pay.

{¶ 14} The court of appeals dismissed the mandamus action because the employee had an adequate remedy in the ordinary course of law, and we affirmed the dismissal on that basis:

{¶ 15} "A denial by the respondent civil service commission of jurisdiction of this controversy represented a final appealable order. When the commission refused relator's request for a hearing, relator should have appealed to the Court of Common Pleas. Having failed to do so, and, thereby having failed to pursue his appellate remedies in the ordinary course of law, he cannot now

4

collaterally attack this jurisdictional determination." *Henderson,* 63 Ohio St.2d at 41, 17 O.O.3d 24, 406 N.E.2d 1105.

{¶ 16} In *Henderson*, however, there was no question that the civil service commission itself refused to hear the discharged employee's appeal and that the commission's legal counsel merely communicated the commission's own decision to the employee.

{¶ 17} By contrast, there is no evidence here that the Pickerington Personnel Appeals Board issued a final, appealable order that the board lacked jurisdiction over Lane's request for a hearing on his termination from employment with the city. The letter from the law director to Lane did not even state that it was being issued on behalf of the board—instead, the law director represented that "the City" was denying his request, and not the board.

{¶ 18} Nor is there any authority cited by appellees that would authorize the law director to issue a decision on behalf of the personnel appeals board. See Pickerington City Charter, Section 5.04 ("The Law Director shall be the legal adviser of and attorney and counsel for the City and for all officials, boards, commissions, and departments thereof in all matters relating to their official duties; and shall, when requested, give legal opinions in writing"); see also *FOE Aerie 2177 Greenville v. Ohio State Liquor Control Comm.*, Franklin App. No. 01AP-1330, 2002-Ohio-4441, ¶ 23 (no evidence that the Liquor Control Commission had granted authority to the county prosecuting attorney to act on its behalf with respect to its statutory responsibilities); *Fairview Park Fire Fighters Assn. v. Fairview Park* (July 22, 1982), Cuyahoga App. No. 44662, 1982 WL 2489 (the city law director had no duty to enter into a consent agreement on behalf of the city that fixed wages, which was a power vested in the city council).

{¶ 19} Therefore, in the absence of a final, appealable order by the Pickerington Personnel Appeals Board on Lane's request for a hearing, he did not

have an adequate remedy by way of administrative appeal to raise his claims. Consequently, the court of appeals erred in denying the writ on this basis.

### Conclusion

**{¶ 20}** Based on the foregoing, we reverse the judgment of the court of appeals denying the writ of mandamus, and we remand the cause for further proceedings consistent with this opinion. On remand, the court of appeals will determine whether Lane can establish his entitlement to a writ of mandamus to compel the city and its personnel appeals board to conduct a hearing and make a determination on the merits of an appeal.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents.

LANZINGER, J., dissents and would affirm on the basis of *State ex rel. Henderson v. Maple Hts. Civ. Serv. Comm.* (1980), 63 Ohio St.2d 39, 17 O.O.3d 24, 406 N.E.2d 1105.

_____

Moses Law Offices, L.L.C., and Michael A. Moses, for appellant.

Schottenstein, Zox & Dunn Co., L.P.A., Philip K. Hartmann, Paul L. Bittner, and Aaron L. Granger, for appellees.

_____