[Cite as *State ex rel. Holloway v. Personnel Appeals Bd.*, 2012-Ohio-628.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO EX REL.          :
JOHNNY HOLLOWAY, JR.
    Plaintiff-Appellee        :     C.A. CASE NO. 24635

vs.                            :     T.C. CASE NO. 09CV1568

PERSONNEL APPEALS BOARD, et al.:     (Civil Appeal from
                                   Common Pleas Court)
    Defendant-Appellant       :

. . . . . . . .

O P I N I O N

Rendered on the 17th day of February, 2012.

. . . . . . . . .

Henry A. Arnett, Atty. Reg. No. 0011379, 135 Dublin Road, Suite 108-B, Columbus, OH 43215
    Attorney for Plaintiff-Appellee

Matthew D. Stokely, Atty. Reg. No. 0062611; Joshua M. Kin, Atty. Reg. No. 0086965, 2700 Kettering Tower, Dayton, OH  45423
    Attorneys for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  This appeal is brought by the Personnel Appeals Board of the City of Huber Heights (the "Board") from a final order granting a motion for summary judgment filed by Johnny Holloway in an action Holloway commenced on a petition for a writ of mandamus.

{¶ 2}  In 2008, Holloway was terminated from his position of Battalion Chief in the City of Huber Heights' Fire Division.

Holloway requested a review of his termination by the Board. Holloway's counsel received a letter from the City Attorney for Huber Heights, stating that Holloway had no right of appeal to the Board. Holloway then filed a petition for a writ of mandamus in the court of common pleas, asking that the Board be ordered to hear an appeal of his termination.

{¶ 3} The common pleas court granted a motion for summary judgment filed by the Board, finding that Holloway's termination was not subject to an appeal to the Board under provisions of the Charter of the City of Huber Heights creating that right of appeal. Therefore, the Board had no clear legal duty to hear an appeal, and Holloway had no clear legal right to an appeal to the Board.

{¶ 4} Holloway appealed to this court from the final judgment of the common pleas court. On review, we found that Holloway did have a right of appeal to the Board from his termination under applicable provisions of the City's Charter. We therefore held that the common pleas court erred when it granted summary judgment for the Board on the grounds on which the court relied, and we remanded the case to the common pleas court "for further proceedings, consistent with this opinion." *State of Ohio, ex rel. Johnny Holloway, Jr. v. Personnel Appeals Board, City of Huber Heights*, 2d Dist. Montgomery No. 23836, 2010-Ohio-4754, ¶ 21.

{¶ 5} Holloway had also filed a motion for summary judgment when the Board did. On remand, the common pleas court granted

Holloway's motion, finding that Holloway has a clear legal right to an appeal to the Board, that the Board has a clear legal duty to hear and decide Holloway's appeal, and that Holloway has no plain and adequate remedy for his termination from employment in the ordinary course of law. (Dkt. 1).

{¶ 6} The Board filed a notice of appeal from the final order granting Holloway's motion for summary judgment. The Board's brief on appeal does not include a statement of the specific error or errors assigned for our review. See App.R. 16(A)(3). However, we construe the following "Statement of Issues" to encapsulate the error the Board assigns:

{¶ 7} Issue 1: The trial court erred in granting Holloway's motion for summary judgment without any evidence concerning the lack of a legal remedy and without conducting further proceedings, as this Court previously ordered, on the remaining elements required to grant the extraordinary relief in mandamus.

{¶ 8} Civ.R. 56(C) provides that, upon motion, "[s]ummary judgment shall be rendered forthwith if the pleadings, deposition, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

{¶ 9} To be entitled to a writ of mandamus compelling the

Board to hear his appeal, Holloway must establish a clear legal right to that relief, a corresponding clear legal duty on the part of the Board to provide it, and the lack of an adequate legal remedy in the ordinary course of the law. *State ex rel. Am. Subcontractors Assn., Inc. v. Ohio State Univ.*, 129 Ohio St.3d 111, 2011-Ohio-2881, 950 N.E.2d 535, ¶ 20.

{¶ 10} In the prior appeal, we found that the first and second prongs of Holloway's burden of proof were satisfied. The Board argues that the trial court erred when it granted Holloway's motion for summary judgment because the record fails to support a finding in Holloway's favor on the third prong, that Holloway has no adequate legal remedy in the ordinary course of law. On that point the Board contends that R.C. Chapter 2506 provides an adequate legal remedy.

{¶ 11} R.C. 2506.01 states:

{¶ 12} (A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located

as provided in Chapter 2505. of the Revised Code.

{¶ 13} (B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

{¶ 14} (C) As used in this chapter, "final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

{¶ 15} Holloway argues that he cannot invoke a right of appeal under R.C. 2506.01 because the Board never entered an "order, adjudication, or decision," denying him a right of appeal. The Board responds that the letter Holloway received from the City Attorney notifying him that he lacked a right of appeal to the Board satisfies the requirement of R.C. 2506.01.

{¶ 16} Holloway's motion for summary judgment (Dkt. 13, Case No. 09CV01568, our Case No. 23836) is supported by his affidavit. The affidavit attaches what Holloway represents are "true and correct copies" of documents relative to his claim. Page 28 is

a copy of Holloway's notice of appeal to the Board and requesting a hearing, which also identifies Attorney Henry A. Arnett as Holloway's legal representative for that purpose. Page 29 is a copy of a letter dated December 8, 2008, to Attorney Arnett from an attorney with the law firm whose senior partner is City Attorney for Huber Heights. The letter states:

{¶ 17} Dear Mr. Arnett:

{¶ 18} I have reviewed your letter of December 3, 2008 and respectfully disagree with your conclusion that Battalion Chief Holloway is entitled to appeal his dismissal to the Personnel Appeals Board. Nowhere in the City Charter is the position of Battalion Chief designated as a position in the non-exempt service. However, Charter Section 8.02 specifically includes "directors of departments and their assistants, division heads and the Director of personnel" as constituting positions in the exempt service of the City.

{¶ 19} Pursuant to Ordinance 2006-0-1617, adopted February 13, 2006, the fire Chief and Battalion Chief's serve as assistants to the Director of Public Safety. A copy of the Ordinance is attached for your review.

{¶ 20} Thus, there is no inconsistency between the City Charter and Resolution No. 2008-R-4987 which designates the position of Battalion Chief as being in the exempt service.

{¶ 21} If you have any questions or wish to discuss this matter further, please feel free to contact me at your convenience at 937-223-1130.

{¶ 22} Very truly yours,

{¶ 23} Pickrel, Schaeffer & Ebeling, L.P.A.

{¶ 24} Scott T. Stirling

**{¶ 25}** In *State ex rel. Lane v. City of Pickerington*, 130 Ohio St.3d 225, 2011-Ohio-5454, 957 N.E.2d 29, on similar facts, the Supreme Court held that absent any authority for a city attorney to act on behalf of a board, a letter from a city attorney that did not say it was being issued on behalf of a board is not a final order, adjudication, or decision of the board for purposes of R.C. 2506.01. The Court distinguished its prior decision in *State ex rel. Henderson v. Maple Heights Civil Service Commission*, 63 Ohio St.2d 39, 406 N.E.2d 1105 (1980), in which "there was no question that the civil service commission itself refused to hear the discharged employee's appeal and that the commission's legal counsel merely communicated the commission's own decision to the employee." *Lane*, ¶ 16.

**{¶ 26}** At oral argument, counsel for the Board conceded that the letter to Holloway from the City Attorney contains no representation that the Board itself had acted to refuse or dismiss Holloway's appeal. The Board argues that, nevertheless, the City Attorney is or may be authorized to act on behalf of the Board.

The Board relies on Section 7.05 of the charter of the City of Huber Heights, a copy of which is attached to the Board's brief. Section 7.05 states:

{¶ 27} DEPARTMENT OF LAW.

{¶ 28} There shall be a Department of Law, the head of which shall be the City Attorney. The City Attorney shall be an attorney-at-law, qualified to practice law in the State of Ohio, appointed by and subject to the direction of the Council.

{¶ 29} A law firm, as well as an individual attorney, may serve as the City Attorney and in that case, the person designated by the law firm shall serve with the title of City Attorney, and other persons so designated by the law firm shall serve with the title of City Attorney, and other persons so designated may serve as Acting City Attorney with all the powers, duties and functions of the City Attorney when the person designated as City Attorney is not available. The City Attorney shall serve as the chief legal advisor to Council, the City manager, and all City departments, divisions, offices and other agencies, boards or commissions. The City Attorney shall represent the City in all legal proceedings and shall perform any other duties prescribed in this Charter, by ordinance or resolution or by the Administrative Code or the general

laws of Ohio, except that the person or firm holding the office of City Attorney shall not be required to represent any school district or any other unit of government other than the City, by virtue of holding the office of City Attorney. When necessary, the Council may appoint special legal counsel to represent the City, together with or in place of the City Attorney.

{¶ 30} Section 7.05 provides that the City Attorney "shall serve as chief legal advisor to . . . agencies, boards, or commissions" of Huber Heights. That provision presents no basis to find that the City Attorney is authorized to act on behalf of those entities in the functions they are charged to perform.

{¶ 31} Section 7.05 also provides that "[t]he City Attorney shall represent the City in all legal proceedings and shall perform any other duties prescribed in this Charter, by ordinance or resolution or the Administrative Code or the General Laws of Ohio."

{¶ 32} The Board, while unable to identify any other matters that would authorize the City Attorney to act on behalf of the Board, argues that the case should be remanded to determine whether any such provisions exist or apply, because whether any do presents a genuine issue of material fact that precludes the Civ.R. 56 summary judgment for Holloway the trial court ordered.

{¶ 33} The Board filed its notice of appeal to this court on May 11, 2011. *Lane* was decided on October 27, 2011, shortly after

the briefing in this case was complete. Holloway filed a Notice of Supplemental Authority, relying on *Lane*, on December 27, 2011. The Board had filed no memorandum in response to that Notice when oral argument was held on January 31, 2012.

{¶ 34} Whether any Charter provision, ordinance, Administrative Code or Revised Code section authorized the City Attorney to act on behalf of the Board presents not an issue of fact but an issue of law. Courts, including appellate courts, are authorized to take judicial notice of such matters. Indeed, the Board relied on that expedient in attaching a copy of Section 7.05 of the City Charter to its brief on appeal. If any such authority exists, the Board could have done the same in opposing Holloway's reliance on *Lane*, but didn't. On this record, and concerning the possible existence of legal authority that would render the City Attorney's letter a final order for purposes of R.C. 2506.01, no genuine issue of material fact remains for determination which precludes the summary judgment the trial court ordered is shown.

{¶ 35} Construing the letter dated December 8, 2008 and its contents most strongly in favor of the Board, we find that reasonable minds could only conclude that the letter neither represents nor portrays a final order, adjudication, or decision of the Board to not hear Holloway's appeal of his termination. The letter is no more than the stated opinion of the Board's legal

advisor that the Board should not hear the appeal. There is no evidence that the City Attorney was authorized to act on behalf of the Board in that respect.

{¶ 36} The trial court correctly found that Holloway has no right of appeal pursuant to R.C. Chapter 2506 from his termination. The Board does not argue that Holloway had any other avenue of legal relief except for R.C. Chapter 2506, and we are aware of none. The trial court did not err when it granted summary judgment for Holloway on his motion. Our order of remand required the trial court to conduct no proceedings other than to decide the merits of the pleadings and motions before it, which the court did.

{¶ 37} The assignment of error is overruled. The judgment from which the appeal is taken will be affirmed.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

Henry A. Arnett, Esq.
Matthew D. Stokely, Esq.
Joshua M. Kin, Esq.
Hon. Gregory F. Singer