[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnstone v. Cincinnati*, Slip Opinion No. 2021-Ohio-3393.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3393

THE STATE OF OHIO EX REL. JOHNSTONE, APPELLEE *v.* THE CITY OF CINCINNATI, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Johnstone v. Cincinnati*, Slip Opinion No. 2021-Ohio-3393.]**

*Mandamus—R.C. 124.44—R.C. 124.44 does not allow a municipal civil service commission to require that a police officer other than a patrol officer serve more than 12 months in the officer's current rank as a condition for promotion to the next highest rank—Petition for writ of mandamus dismissed—Court of appeals' judgment reversed.*

(No. 2020-0823―Submitted June 29, 2021―Decided September 29, 2021.)

APPEAL from the Court of Appeals for Hamilton County, No. C-190263.

_____

STEWART, J.

{¶ 1} R.C. 124.44 provides that "no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months

in the next lower rank." The statute also states, "A municipal civil service commission may require a period of service of longer than twelve months for promotion to the rank immediately above the rank of patrol officer." The question raised in this appeal is whether a municipal civil service commission may require that a police officer other than a patrol officer serve more than 12 months in the officer's current rank as a condition for being promoted to the next highest rank.

{¶ 2} We hold that R.C. 124.44 does not allow a municipal civil service commission to require that a police officer other than a patrol officer serve more than 12 months in the officer's current rank as a condition for promotion. Because the court of appeals held differently, we reverse its judgment.

**Facts and Procedural History**

{¶ 3} The facts of this case are undisputed. In October 2016, appellant, city of Cincinnati, posted a notice for the position of captain in its police department. The job posting required an applicant to have "[t]wo years of service with the City of Cincinnati as a Police Lieutenant." Appellee, Jay Johnstone, a lieutenant with the police department who met the two-year time-in-grade requirement, applied to take the examination.

{¶ 4} The city required applicants to take two written exams and submit to an oral interview. Before the first written examination took place, four lieutenants appeared before the Cincinnati Civil Service Commission ("commission") to request that they be allowed to participate in the promotion process despite their not meeting the two-year time-in-grade requirement. The commission heard comments from the city law department in support of waiving the two-year requirement and the city's police department opposing the waiver and supporting the two-year time-in-grade requirement.

{¶ 5} In a preliminary decision that "d[id] not establish precedent," the commission waived the time-in-grade requirement and allowed all lieutenants with at least one year of experience to sit for the captain exams. The minutes of the

2

commission meeting reflected the city solicitor's opinion that a 2007 amendment to R.C. 124.44 "implicitly limits the Commission's ability to extend any rank other than sergeant to a time-in-grade requirement of more than twelve months."  But the commission invited all parties affected by its decision to offer comments in writing before it made a final decision on the eligibility of the affected lieutenants.  In response, the city manager offered a memorandum summarizing the same points that the city solicitor's office had made before the commission.  Two police lieutenants offered evidence that in 2007, the commission refused to waive the time-in-grade requirement for a promotional exam.

{¶ 6} Johnstone ranked third highest on a promotional eligible list that was generated based on the results of the exam.  However, the city admits that it promoted only the first and second officers on the list, one of whom did not have two-years of time-in-grade.

{¶ 7} Shortly after the examination process concluded and the eligibility list for promotion had been created, the commission issued a memorandum explaining its reasons for waiving the time-in-grade requirement.  Saying that it issued the waiver on an "exceptional, one-time basis," the commission observed that the city law department believed that the commission did not have the authority to set a time-in-grade requirement longer than that set forth in R.C. 124.44.  Yet the commission also observed that the report of the state civil service commission on R.C. 124.44 determined that " 'judgment of how much time is adequate to prepare for command-level appointment should be made **at the local level**.' "  (Emphasis added by Cincinnati Civil Service Commission.)  The commission determined that R.C. 124.44 "is not applicable or determinative for the current dispute, based on its vagueness and lack of any documented testimony, recorded evidence, or court case law, concerning the meaning, interpretation, or application of the 2007 amended language."  The commission also determined that R.C. 124.44's time-in-service requirement applied only to the actual promotion of an officer and not to an

officer's ability to participate in a promotional examination. Finally, the commission stated that its "decision is set on a one-time basis, under the principles of equity, diversity and equal opportunity, without establishing any precedent or practice for future police promotional examinations."

{¶ 8} Johnstone filed a petition in the Hamilton County Court of Common Pleas seeking a writ of mandamus to compel the city to promote him to the rank of captain, with backpay. The parties filed cross-motions for summary judgment. The trial court determined that there was "little question" that the commission could change the time-in-grade requirement but that it had to do so in a "non-arbitrary * * * manner." The court observed that the commission did not view R.C. 124.44 as "applicable or determinative" and determined that the commission's decision to waive the time-in-grade requirement lacked "legal foundation or statutory interpretation." Finally, the trial court determined that the commission's decision granting a waiver on a "one-time basis" suggested a "degree of arbitrariness." It therefore issued a writ of mandamus.

{¶ 9} The First District Court of Appeals affirmed. It agreed with the trial court that the commission waived the time-in-grade requirement without "legal analysis or interpretation" and that the waiver was an improper exercise of its discretion. 1st Dist. Hamilton No. C-190263, at 3-4. The court of appeals concluded that Johnstone showed "a clear legal right to the promotion to police captain" based on his test results and that "the city had a clear legal duty not to deny him that promotion based upon an arbitrary decision of the commission to waive the two-year time-in-grade requirement solely for the [first written] examination."

{¶ 10} The city appealed and we agreed to consider the following proposition of law: "The Cincinnati Civil Service Commission did not abuse its discretion in waiving the two year time-in-grade requirement for the 2016 police captain promotional exam when it relied on the rules of statutory interpretation and

the opinion of the City Solicitor." *See* 159 Ohio St.3d 1519, 2020-Ohio-4388, 152 N.E.3d 323.

**Analysis**

{¶ 11} Although Johnstone argues in support of the commission's discretion to require two years of time-in-grade as a lieutenant in order to be eligible for promotion to captain, this is an action in mandamus that is subject to well-defined standards. To be eligible for a writ of mandamus, Johnstone must show a clear legal right to be promoted to captain, a corresponding clear legal duty on the part of the city to grant the promotion, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Lane v. Pickerington*, 130 Ohio St.3d 225, 2011-Ohio-5454, 957 N.E.2d 29, ¶ 10. Mandamus is an appropriate remedy in wrongful denial-of-promotion cases. *State ex rel. Hipp v. Canton*, 70 Ohio St.3d 102, 103, 637 N.E.2d 317 (1994); *State ex rel. Bednar v. N. Canton*, 69 Ohio St.3d 278, 631 N.E.2d 621 (1994).

{¶ 12} We start with the relevant text of R.C. 124.44:

No positions above the rank of patrol officer in the police department shall be filled by original appointment. Vacancies in positions above the rank of patrol officer in a police department shall be filled by promotion from among persons holding positions in a rank lower than the position to be filled. No position above the rank of patrol officer in a police department shall be filled by any person unless the person has first passed a competitive promotional examination. Promotion shall be by successive ranks insofar as practicable, and no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank. A municipal civil service commission may require a period of service of longer than twelve

months for promotion to the rank immediately above the rank of patrol officer.

{¶ 13} R.C. 124.44 states that "no person in a police department shall be promoted to a position in a higher rank who has not served at least twelve months in the next lower rank." Before 2007, at least one court interpreted this language to mean that civil service commissions may set time-in-grade requirements for all ranks if the period of service meets the 12-month minimum set forth in R.C. 124.44. *See, e.g.*, *State ex rel. Cowger v. Amherst*, 9th Dist. Lorain No. 2647, 1978 Ohio App. LEXIS 7996, at *7 (Aug. 23, 1978) (upholding city's requirement for three years of tenure before an officer becomes eligible to take the lieutenant's promotional examination).

{¶ 14} In 2007, the General Assembly amended R.C. 124.44 to add the following sentence: "A municipal civil service commission may require a period of service of longer than twelve months for promotion to the rank immediately above the rank of patrol officer." 2006 Sub.H.B. No. 187. The canon of expressio unius est exclusio alterius—the concept that the expression of one or more items of a class implies that those not identified are to be excluded from the class—suggests that the legislature meant to limit a civil service commission's ability to extend the time-in-grade requirement beyond 12 months for patrol officers only. *See State v. Droste*, 83 Ohio St.3d 36, 39, 697 N.E.2d 620 (1998). Had the legislature wished to allow for a longer time-in-grade requirement for ranks other than patrol officer, it need only have stated that a municipal civil service commission may require a period of time-in-grade service longer than 12 months for promotion to the rank immediately above the applicant's current rank. That the legislature did not use such language expresses its intent that a municipal civil service commission's discretion to require longer than 12 months' time-in-grade for the purpose of promotional eligibility does not apply to any rank other than patrol officer. The

city thus had a legal duty to allow those lieutenants with less than two years' time-in-grade to take the captain's examination. For that reason, mandamus could not issue.

{¶ 15} Johnstone argues that despite the plain language of the statute, the Civil Service Review Commission has stated that "[t]he judgment of how much time is adequate to prepare for command-level appointment should be made at the local level." Civil Service Review Commission, *Report to the Ohio General Assembly*, at 23 (Dec. 31, 2001) available at https://das.ohio.gov/ Portals/0/DASDivisions/HumanResources/Policy/pdf/CivilServiceReform_Report .pdf?ver=kqJC4C9Cz3iv9aVb8YhKPw%3d%3d (accessed Aug. 29, 2021) [https://perma.cc/347D-47PA]. However, this statement predated the 2007 amendment to R.C. 124.44. With its amendment to R.C. 124.44, the legislature implicitly rejected the Civil Service Review Commission's recommendation that time-in-grade requirements be made at the local level, for any position other than patrol officer. Therefore, the Civil Service Review Commission's report, which was issued years before the amendments to R.C. 124.44, is not persuasive.

{¶ 16} Johnstone next argues that the city has disingenuously tried to recast the issue as one involving statutory interpretation. Johnstone maintains that the commission did not rely on rules of statutory interpretation or the city solicitor's opinion to waive the time-in-grade requirement. He cites the commission's decision, made after the first examination took place, that it did not find R.C. 124.44 "applicable or determinative for the current dispute[.]" The commission stated that it did not believe that R.C. 124.44 limited or restricted its discretion "to allow individual police officers to **participate** in an examination process." (Emphasis sic.)

{¶ 17} Johnstone also argues that the commission showed the arbitrariness of its exercise of discretion by its statements that the decision did not establish precedent and that it was waiving the time-in-grade requirement "on a one-time

basis." We need not, however, address these arguments. Regardless of how the city may have cast or recast the issue or whether the commission's exercise of discretion was arbitrary, the commission cannot contravene the plain language of the statute.

{¶ 18} Civil service commissions have broad discretion in how they administer competitive promotional examinations. *State ex rel. Brenders v. Hall*, 71 Ohio St.3d 632, 636, 646 N.E.2d 822 (1995). And because mandamus will not lie to control the exercise of discretion, "courts will not substitute their judgment for that of the municipal civil service commission when the commission properly exercised its discretion." *Id*., citing *State ex rel. Ohio Assn. of Pub. School Emps. v. Girard Civ. Serv. Comm*., 45 Ohio St.2d 295, 297, 345 N.E.2d 58 (1976). But the commission has no discretion to commit an error of law. R.C. 124.44 does not allow a municipal civil service commission to set a time-in-grade requirement of more than 12 months for ranks other than patrol officer. The commission could not exercise its discretion to countermand the express terms of the statute.

**Conclusion**

{¶ 19} R.C. 124.44 does not allow a municipal civil service commission to require that a police officer other than a patrol officer serve more than 12 months in the officer's current rank as a condition for promotion to the next highest rank. Johnstone therefore had no clear legal right to a promotion based on his argument that the commission improperly waived its two-year time-in-grade requirement for promotion to the rank of captain, because the commission was statutorily prohibited from requiring time-in-grade service beyond 12 months for promotion to the rank of captain.[1] We reverse the First District's judgment and dismiss Johnstone's petition for a writ of mandamus.

---

1. The city also argues that this case is moot because Johnstone failed to seek injunctive relief prior to the expiration of the promotion list. Although the city raised this issue on appeal to the First

Judgment reversed

and cause dismissed.

O'CONNOR, C.J., and DEWINE, DONNELLY, and BRUNNER, JJ., concur.

KENNEDY, J., concurs in judgment only.

FISCHER, J., would dismiss the appeal as having been improvidently accepted.

––––––––––––––––––

Andrew W. Garth, Cincinnati City Solicitor, and William C. Hicks, Assistant City Solicitor, for appellant.

Freking, Myers & Reul, L.L.C., and George M. Reul Jr., for appellee.

––––––––––––––––––

District, the city did not raise this issue as a proposition of law in its jurisdictional memorandum to this court. So we decline to address it.