[Cite as *State ex rel. Goodgame v. Russo*, 2012-Ohio-92.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97347**

---

## STATE OF OHIO, EX REL.
## JIMMIE GOODGAME

RELATOR

vs.

## NANCY RUSSO, JUDGE FOR CUYAHOGA CTY.
## COMMON PLEAS COURT

RESPONDENT

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 448463
Order No. 451076

**RELEASE DATE:**   January 11, 2012

**ATTORNEY FOR RELATOR**

James R. Willis
420 Lakeside Place
323 Lakeside Avenue, NW
Cleveland, Ohio 44113


**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113


COLLEEN CONWAY COONEY, J.:

{¶ 1}   On September 26, 2011, the relator, Jimmie Goodgame, commenced this mandamus action against the respondent, Judge Nancy Russo, to compel the judge (1) "to implement a Hearing on whether the Relator can be held without bail, and * * * set a Hearing and make findings mandated by [Criminal Rule 12.]" (Prayer for relief; capitalization in original) and (2) to fully observe and implement relator's right to counsel in the underlying cases, *State v. Goodgame*, Cuyahoga County Common Pleas Court Case Nos. CR-552557 and CR-553130.   Goodgame alleged that when he was arraigned on the two underlying cases, his attorney, James Willis, was temporarily out of town and that the

respondent judge assigned other counsel, and that when Willis returned he was not able to contact Goodgame. Additionally, although the respondent had initially set bond, she revoked that bond on the grounds that he had missed a pretrial. Goodgame asserted that this denies his constitutional right to pretrial bail.

{¶ 2} On October 12, 2011, the respondent, through the Cuyahoga County Prosecutor, moved for summary judgment, inter alia, on the grounds that there is no duty or right enforceable in mandamus to hold a bond hearing or to observe a defendant's right to counsel.[1] Goodgame filed a brief in opposition on October 19, 2011. On November 14, 2011, the respondent judge filed a "Notice of Judicial Action." Attached to this filing was a certified copy of an October 31, 2011 journal entry in which the judge set Goodgame's bond at $25,000. On November 21, 2011, Goodgame filed a

---

[1]The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. Additionally, although mandamus may be used to compel a court to exercise judgment or to discharge a function, it may not control judicial discretion, even if that discretion is grossly abused. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Furthermore, mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Thus, mandamus does not lie to correct errors and procedural irregularities in the course of a case. *State ex rel. Jerninghan v. Gaughan*, 8th Dist. No. 67787 (Sept. 26, 1994). Moreover, mandamus is an extraordinary remedy which is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v. Ohio Turnpike Comm.,* 159 Ohio St. 581, 113 N.E.2d 14 (1953); *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (1993); and *State ex rel. Dayton-Oakwood Press v. Dissinger*, 32 Ohio Law Abs. 308 (1940).

response to the judge's "Notice" in which he complained that the judge had revoked his bond; thus, the mandamus claim was not moot. For the following reasons, this court grants the judge's motion for summary judgment.

{¶ 3} Both claims for mandamus are moot. A review of the docket in the underlying cases shows that Willis has been representing Goodgame in both cases and has even obtained a not guilty verdict in Case No. CR-552557. Similarly, the docket reflects that the respondent judge has set bond for Goodgame several times and that Goodgame has been released from jail for at least short periods of time. Admittedly, the judge has revoked bail for various reasons, including failure to attend a pretrial, federal detainer, violation of electronic home detention conditions, and efforts to reside outside of Cuyahoga County. Nevertheless, the judge has provided the requested relief, setting bond. Moreover, to the extent that Goodgame is arguing a denial of bond or excessive bail, the proper remedy in Ohio is a writ of habeas corpus which has very different pleading requirements than a writ of mandamus. Thus, this court declines to consider this application for a writ of mandamus as a petition for habeas corpus. R.C. Chapter 2725; *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 653 N.E.2d 26 (1994); and *Chari v. Vore*, 91 Ohio St.3d 323, 744 N.E.2d 763 (2001).

{¶ 4} Accordingly, this court grants the respondent judge's motion for summary judgment and denies this application for a writ of mandamus. Relator to pay costs. The

clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).


_____
COLLEEN CONWAY COONEY, JUDGE

JAMES J. SWEENEY, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR