[Cite as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 2013-Ohio-374.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98516**

# STATE, EX REL. MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS' LABOR COUNCIL

RELATOR

vs.

# CITY OF CLEVELAND

RESPONDENT

**JUDGMENT:**
WRIT DENIED

Writ of Mandamus
Motion Nos. 459720 and 459886
Order No. 460663

**RELEASE DATE:**  February 6, 2013

**ATTORNEY FOR RELATOR**

Stewart D. Roll
55 Public Square, Suite 1950
Cleveland, Ohio 44113

**ATTORNEYS FOR RESPONDENT**

Barbara A. Langhenry
Director of Law
By: James C. Cochran
Assistant Director of Law
601 Lakeside Avenue
City Hall - Room 106
Cleveland, Ohio 44114-1077

TIM McCORMACK, J.:

**{¶1}** Relator, Municipal Construction Equipment Operators' Labor Council, is the exclusive labor representative for construction equipment operators employed by respondent, the city of Cleveland. Relator avers that one of its members, Jeffrey Milum, was discharged for other than good cause. Relator requests that this court issue a writ of mandamus compelling respondent's civil service commission (the "commission") to appoint a neutral referee to conduct a hearing at which Milum may challenge his discharge.

**{¶2}** Relator filed a "dispositive motion," attached to which are matters outside the pleading. As a consequence, we treat the "dispositive motion" as a motion for summary judgment. Respondent has also filed a motion for summary judgment. For the reasons stated below, we grant respondent's motion for summary judgment and deny relator's "dispositive motion."

**{¶3}** "The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law." *State ex rel. Goodgame v. Russo*, 8th Dist. No. 97347, 2012-Ohio-92, ¶ 2, fn.1. Relator fails to meet any of the three criteria for relief in mandamus.

**{¶4}** Milum began his employment with respondent in 2009. He was classified as a temporary appointee.

**{¶5}** On March 6, 2012, the commission offered an open competitive test for construction equipment operators Class A and Class B. Milum ranked 10th out of 23 candidates for Class A and 13th out of 28 candidates for Class B. Respondent appointed the person who was second on the list to the Class A position.

**{¶6}** On April 20, 2012, respondent sent a notice of pre-disciplinary conference to relator's president alleging that Milum ranked number ten on the civil service test. The conference was held on April 23, 2012. On the same date, relator's counsel wrote the secretary for the commission and observed that respondent's explanation at the conference for Milum's discharge was the requirement of the charter and the rules of the commission that respondent choose a candidate who is among the top three on the eligibility list.

**{¶7}** On April 27, 2012, respondent's director of the Department of Public Utilities wrote Milum stating that, after the civil service test was administered and graded, he was ineligible to remain in his temporary position under the charter and the rules of the commission. The effective date of Milum's termination was April 27, 2012.

**{¶8}** On May 22, 2012, relator's counsel wrote the secretary for the commission renewing his demand for a hearing and indicating that he would "be filing a lawsuit" to compel the commission to follows its rules. On June 1, 2012, the secretary for the commission, Lucille Ambroz, wrote relator's counsel and informed him that the Department of Public Utilities rescinded the notice of discharge and sent Milum a letter explaining that he was dismissed from his temporary appointment because he did not

score high enough on the civil service test.   She also informed relator's counsel that the commission would permit Milum and counsel to appear before the commission on June 22, 2012, "in order to further argue for the reinstatement of your client's former position of employment."

{¶9}   Relator's counsel filed this action on June 13, 2012.

{¶10} Respondent has filed a transcript of the June 22, 2012 hearing.   Neither Milum nor relator's counsel appeared at the hearing and the commission voted to deny Milum's request for a disciplinary hearing.

{¶11}   Relator observes that the April 23 pre-disciplinary conference was held in accordance with Cleveland Civil Service Rule 9.20.[1]   Also on that date, relator submitted a written demand to Ambroz for a hearing before a referee in accordance with

---

[1] 9.20 Pre-Disciplinary Conference

A. When any disciplinary action is contemplated as to an officer or employee in the classified service, the appointing authority or the secretary of a board or commission in the City service, shall give such officer or employee oral or written notice of the action contemplated and an opportunity to respond. The appointing authority shall notify the Civil Service Commission of any pre-disciplinary conference which results in disciplinary charges being brought against an officer or employee pursuant to Rule 9.21 or 9.22.

B. When in the opinion of a superior, the conduct of the officer or employee is such as to require that he/she be relieved of duty immediately, such officer or employee may be relieved from duty by oral order, provided that such officer or employee be notified of the reason(s) for the superior's actions as soon as possible and promptly afforded an opportunity to respond to the charge(s) against him/her. In all such instances, such opportunity shall be provided the officer or employee within three (3) working days after being relieved from duty.

Cleveland Civil Service Rule 9.22.[2]  In this action, relator requests this court to compel respondent and the commission to appoint a neutral referee to hear Milum's challenge to his discharge.

{¶12} Respondent argues, however, that Milum was not discharged for disciplinary reasons.  Rather, he was a temporary appointee who was always subject to discharge after respondent certified an eligibility list.  "In the absence of an appropriate eligible list, any place in the classified service may be filled temporarily, without test, but no such temporary appointment shall continue after the establishment of a suitable

---

[2]9.22  Notice of Suspension for More Than Ten (10) Scheduled Work Days, Discharge, or Reduction in Rank

When, after following the procedures set forth in Rule 9.20, an appointing authority decides that the officer or employee is to be discharged, suspended pending discharge, suspended for more than ten (10) scheduled work days, or reduced in rank or compensation, the appointing authority shall promptly notify said officer or employee in writing of such decision, setting forth the charges and the specifications therefore. The charging letter shall further inform the officer or employee that he/she must advise the Civil Service Commission if he/she desires to have a disciplinary hearing before a referee to be selected by the Commission, and that the Commission must receive such request for a hearing in writing within ten (10) working days of the date of the charging letter. At the same time such written notice is delivered to the officer or employee, a duplicate copy thereof shall be sent to the Civil Service Commission. Failure to request a hearing within the required ten (10) working days will cause such charges to stand uncontested, and in such cases the Commission shall submit the uncontested charging letter to the Director of the employee's department for review.

eligible list * * * ."  Cleveland Civil Service Rule 6.70 ("Temporary Appointments").

*See also* Charter of the City of Cleveland, § 128(f) and (g) and 130.[3]

{¶13} The unrefuted evidence presented by respondent demonstrates that Milum was a temporary employee who participated in a competitive test but was not among the three persons standing highest on the eligibility list.  Clearly, under the rules of the commission and the authorizing provisions of the charter, respondent was obliged to choose among the top three applicants.

---

[3]§ 128   Required Provisions of Rules [of the Civil Service Commission]

The rules of the Civil Service Commission shall among other things, provide:

* * *

(f)   For the certification to the appointing authority, from the appropriate eligible list to fill a vacancy in the competitive class, of the three persons standing highest on such list, or of the person or persons on such list when it contains three names or less.

(g)   For temporary employment without test, in the absence of an eligible list. But no such temporary employment shall continue after the establishment of a suitable eligible list.

130   Eligible Lists; Temporary Appointments

Eligible lists created by the Commission shall remain in force not longer than two years. In the absence of an appropriate eligible list, any place may be filled temporarily, without test, for the period limited by the civil service rules, but not exceeding one year. During such period the Commission shall hold the necessary tests for filling any such place permanently. With the consent of the Commission, persons may be temporarily employed for transitory work without test, but no such employment shall continue for more than sixty days, or be renewed.

**{¶14}** We are not persuaded by relator's demand that respondent conduct proceedings consistent with a disciplinary discharge. Although respondent initially provided a notice of pre-disciplinary conference, three days later — at the conference — respondent informed Milum and relator's counsel of the basis for his discharge. Even on the notice of pre-disciplinary conference, respondent stated that the basis for Milum's discharge was his rank on the eligibility list. That is, the basis for Milum's discharge was not the kind of disciplinary action contemplated by Cleveland Civil Service Rules 9.20 and 9.22.

**{¶15}** Given these facts, we cannot conclude that relator has demonstrated that Milum has a clear legal right to a hearing before a neutral referee.

**{¶16}** Likewise, the charter and rules of the commission required respondent to select an applicant from among the top three on the eligibility list. Relator has, therefore, not demonstrated that respondent and the commission have a clear legal duty to provide Milum with a hearing before a neutral referee.

**{¶17}** We also note that the commission did hold a hearing and provided Milum and relator's counsel an opportunity to argue for Milum's reinstatement. Yet, both Milum and his counsel did not attend.

**{¶18}** In *State ex rel. Henderson v. Maple Hts. Civ. Serv. Comm.*, 63 Ohio St.2d 39, 406 N.E.2d 1105 (1980), Henderson's employment as a part-time city bus driver ceased and he sought a hearing before the civil service commission. The commission refused to grant the hearing and informed Henderson's counsel through a letter from the

commission's counsel. Henderson brought an action in mandamus to compel the commission to hold a hearing as well as to compel the mayor and transit director to reinstate his employment with back pay.

> A denial by the respondent civil service commission of jurisdiction of this controversy represented a final appealable order. When the commission refused relator's request for a hearing, relator should have appealed to the Court of Common Pleas. Having failed to do so, and, thereby having failed to pursue his appellate remedies in the ordinary course of law, he cannot now collaterally attack this jurisdictional determination. See *State, ex rel. Stough, v. Bd. of Edn.* (1977), 50 Ohio St. 2d 47, and *State, ex rel. Bingham, v. Riley* (1966), 6 Ohio St. 2d 263.

*Id.* at 41.

{¶19} In *State ex rel. Lane v. Pickerington*, 130 Ohio St.3d 225, 2011-Ohio-5454, 957 N.E.2d 29, the city's law director determined that the personnel appeals board did not have jurisdiction to hear the relator's appeal of his dismissal and declined the request for a hearing. The supreme court observed that there was no evidence that the personnel appeals board had issued a final appealable order or that the letter from the law director was issued on behalf of the board. "In *Henderson*, however, there was no question that the civil service commission itself refused to hear the discharged employee's appeal and that the commission's legal counsel merely communicated the commission's own decision to the employee." *Id.* at 228.

{¶20} In this action, the commission itself not only acted, it scheduled a hearing and notified relator's counsel that he and Milum would be permitted to appear before the commission and argue for Milum's reinstatement. The commission held a hearing but

neither Milum nor relator's counsel attended. The commission acted at the end of the hearing to deny Milum's request for a disciplinary hearing.

**{¶21}** As demonstrated by *Henderson* and reinforced more recently by *Lane*, Milum had an opportunity to appeal the commission's decision. "[H]e cannot now collaterally attack" the commission's determination. *Henderson*, *supra*. Milum had an adequate remedy in the ordinary course of the law and may not now secure relief in mandamus. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5.

**{¶22}** Accordingly, respondent's motion for summary judgment is granted and relator's "dispositive motion" is treated as relator's motion for summary judgment and is denied. Relator to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

**{¶23}** Writ denied.

_____

TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., CONCURS;
MARY EILEEN KILBANE, J., DISSENTS