[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* Slip Opinion No. 2014-Ohio-4364.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4364

THE STATE EX REL. MUNICIPAL CONSTRUCTION EQUIPMENT OPERATORS'

LABOR COUNCIL, APPELLANT, *v*. THE CITY OF CLEVELAND, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland,* Slip Opinion No. 2014-Ohio-4364.]

*Civil service—Termination of temporary employee under Cleveland charter and rules of Cleveland Civil Service Commission.*

(No. 2013-0394—Submitted January 7, 2014—Decided October 9, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 98516, 2013-Ohio-374.

_____

KENNEDY, J.

{¶ 1} This case arises out of the termination of Jeffrey Milum from his position as a Class B construction-equipment operator with the city of Cleveland. Relator, the Municipal Construction Equipment Operators' Labor Council, is the exclusive collective-bargaining unit for construction-equipment operators employed by Cleveland, including Milum.

**{¶ 2}** The union sought a writ of mandamus in the Eighth District Court of Appeals to compel the city civil service commission to appoint a neutral referee to conduct a hearing at which Milum could challenge his discharge. The appellate court denied the writ, with one judge dissenting without opinion.

**{¶ 3}** For the reasons set forth herein, we reverse the judgment of the Eighth District Court of Appeals.

*Facts*

*The Cleveland Civil Service Commission Rules*

**{¶ 4}** The city has adopted the Cleveland Civil Service Commission ("CCSC") Rules to govern the terms of employment. CCSC Rules 9.10 through 9.60 address the procedures for terminating or otherwise disciplining covered employees.

**{¶ 5}** The disciplinary process begins with notice to the employee that disciplinary action is under consideration. Pursuant to CCSC Rule 9.20, the appointing authority must conduct a "pre-disciplinary hearing," at which the employee has an opportunity to respond to the allegations.

**{¶ 6}** If the Rule 9.20 predisciplinary procedure results in a decision in favor of discharge, demotion, or suspension longer than ten days, then the employee is entitled to a disciplinary hearing before a referee. CCSC Rule 9.22. To request a Rule 9.22 hearing, the employee facing discharge must request the hearing, in writing, within ten days of the date of the charging letter.

**{¶ 7}** The Rule 9.22 hearing, as described in the rule, is a more formal proceeding than the predisciplinary hearing: the employee has a right to call witnesses in his defense (Rule 9.40), the referee must submit findings of fact, conclusions of law, and a recommendation (Rule 9.40), and the employee has a right to an appeal to the civil service commission, at which the employee may present additional evidence (Rule 9.60).

*The termination of Jeffrey Milum*

{¶ 8} The Cleveland Department of Public Utilities hired Milum as a full-time Class A construction-equipment operator on December 7, 2009. At the time, the city had not yet established a civil service eligibility list for the Class A position.

{¶ 9} On February 25, 2011, the city reclassified Milum as a temporary Class B employee. Once again, Milum was placed into a position for which no eligibility list had been created. Milum stayed in the Class B position until his termination.

{¶ 10} On March 6, 2012, the city for the first time offered an open competitive test for Class A and Class B construction-equipment operators. Milum's score ranked him 10th out of 23 on the Class A eligibility list. The Cleveland City Charter mandates that, for filling any position in the classified service, the only eligible candidates are those whose names are in the top three on the eligibility list. Cleveland City Charter, Section 131. Based on his score, the city offered the full-time Class A position to another candidate, not Milum.

{¶ 11} Milum's score on the examination for Class B operator (the position he held at the time) ranked him 13th out of 28 on the eligibility list. On April 20, 2012, the city served Milum with a Rule 9.20 "Notice of Pre-Hearing Conference." The notice informed Milum and the union that a "pre-disciplinary hearing" would occur in three days, to provide Milum "an opportunity to respond to the * * * allegation" that he ranked tenth on the CEO Class B civil service list.[1]

{¶ 12} Milum arrived with counsel for the predisciplinary hearing on April 23, 2012. But instead of having a hearing, Milum received oral and written

---

[1] This was factually incorrect. Milum's 10th-place score was on the Class A examination, not the Class B examination.

notice that he was terminated immediately. The termination letter from Commissioner Rachid Zoghaib offered this explanation for Milum's termination:

> In conclusion, your employment is terminated pursuant to Civil Service Rule 6.81, which reads in part, "Any appointee may be discharged or reduced in rank during his/her probationary period, pursuant to the reason[s] enumerated in Rule 9.10 and in accordance with Section 128 of the Charter, specifically (g), which reads: for temporary employment without test, in the absence of an eligible list. But no such temporary employment shall continue after the establishment of a suitable eligible list.

(No closing quotation mark in original.) Milum immediately submitted a written demand for a Rule 9.22 hearing.

{¶ 13} Four days later, the department issued a second termination letter. Dated April 27, 2012, this letter simply stated that because Milum did not score in the top three, he was "rendered ineligible to remain in [his] temporary [Class B] appointment, and therefore, "based on the Rules of the Civil Service Commission and the City of Cleveland Charter," the department was forced to terminate him from the Class B position.

{¶ 14} The first response to Milum's request for a Rule 9.22 hearing came in the form of an e-mail message from commission secretary Lucille Ambroz. Ambroz wrote that the April 23 meeting was "incorrectly characterized as a disciplinary hearing." In a follow-up letter to Milum's counsel dated June 1, 2012, Ambroz wrote that the initial termination letter had been withdrawn and that Milum was discharged based on his scores for both the Class A and Class B positions.

**{¶ 15}** The Ambroz letter said nothing about the commission appointing a referee or scheduling a Rule 9.22 hearing. Instead, Ambroz merely informed counsel that the commission would permit Milum and his attorney to appear at its June 22, 2012 meeting to "further argue" in favor of Milum's *reinstatement*.

**{¶ 16}** On June 13, 2012, the union, on behalf of Milum, commenced this action in the Eighth District Court of Appeals, seeking a writ of mandamus to compel the commission to conduct a Rule 9.22 termination hearing before a neutral referee.

**{¶ 17}** Neither Milum nor his counsel appeared at the June 22, 2012 commission meeting. Contrary to Ambroz's representation that the commission would hear argument only on Milum's reinstatement, the commission took up a different question: whether Milum was entitled to a disciplinary hearing. Counsel for the city incorrectly informed the commission that before filing the mandamus complaint, Milum "did ask for this Commission to have a hearing. *And in fact this is why we're here today. It was scheduled.*" (Emphasis added.) The commission then voted to deny Milum's request for a disciplinary hearing.

**{¶ 18}** Milum did not appeal the commission's decision.

*Proceedings in the lower court*

**{¶ 19}** The Eighth District Court of Appeals granted summary judgment in favor of the city, citing three reasons. First, it found that Milum had no clear legal right to a Rule 9.22 hearing because he was not discharged for disciplinary reasons, as contemplated by Rules 9.20 and 9.22; rather, he was discharged because he was a temporary employee who did not score highly enough to qualify for a top-three spot on the eligibility list, a nondisciplinary reason. 2013-Ohio-374 at ¶ 12-15.

**{¶ 20}** Second, and for the same reason, the appellate court held that the commission had no clear legal duty to provide Milum with a hearing before a neutral referee. *Id*. at ¶ 16.

5

**{¶ 21}** Third, the appellate court stated, "[T]he commission did hold a hearing and provided Milum and relator's counsel an opportunity to argue for Milum's reinstatement. Yet, both Milum and his counsel did not attend." *Id.* at ¶ 17. According to the appellate court, Milum had had an adequate remedy in the ordinary course of law by way of appeal from the commission's order and therefore could not collaterally attack the commission's determination by way of mandamus. *Id.* at ¶ 21.

**{¶ 22}** The union filed a timely appeal to this court.

*Legal analysis*

*Standard of review*

**{¶ 23}** For a writ of mandamus to issue, the union must establish Milum's clear legal right to relief, a corresponding clear legal duty on the part of the city to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Allen v. Warren Cty. Bd. of Elections*, 115 Ohio St.3d 186, 2007-Ohio-4752, 874 N.E.2d 507, ¶ 8. The union must prove these requirements by clear and convincing evidence. *State ex rel. Orange Twp. Bd. of Trustees v. Delaware Cty. Bd. of Elections*, 135 Ohio St.3d 162, 2013-Ohio-36, 985 N.E.2d 441, ¶ 14.

**{¶ 24}** We apply an abuse-of-discretion standard when reviewing an appellate court's decision to deny a writ of mandamus. *State ex rel. Nese v. State Teachers Retirement Bd. of Ohio*, 136 Ohio St.3d 103, 2013-Ohio-1777, 991 N.E.2d 218, ¶ 55.

*Clear Legal Right*

**{¶ 25}** The court of appeals agreed with the city that Milum had no clear legal right to a Rule 9.22 hearing because he was discharged due to his rank on the eligibility list, and therefore "the basis for Milum's discharge was not the kind of disciplinary action contemplated by Cleveland's Civil Service Rules 9.20 and 9.22." 2013-Ohio-374 at ¶ 14. We reject this reasoning.

**{¶ 26}** On the day he was fired, Milum was not an at-will employee. CCSC Rule 6.80 establishes a 120-day probationary period and provides:

> D. If retained after the one hundred and twenty (120) day probationary period, all employees, including both regular and temporary, shall be discharged only for cause * * *.

Milum's first appointment, as a Class A operator, lasted 14 months, from December 7, 2009, to February 25, 2011. His second appointment, as a temporary Class B employee, also lasted 14 months, beginning in February, 2011, and ending with his termination on April 23, 2012. Thus, under Rule 6.80, Milum was a permanent employee in the classified service and subject to discharge only for cause.

**{¶ 27}** Irrespective of what terminology the city selected, Milum's discharge *had* to be for cause because that was the only way he *could* be discharged. (The city has not alleged that Milum was laid off for budgetary reasons.)

**{¶ 28}** The city's argument, if accepted, would produce anomalous results: an employee discharged for cause would have greater due-process protections than would an employee discharged for no stated reason at all. We do not believe that the civil service commission rules make an employee's due-process rights dependent upon how the employer chooses to characterize the termination. We therefore hold that Milum had a clear legal right, as a nonprobationary employee, to a Rule 9.22 hearing to challenge his termination.

*Clear Legal Duty*

**{¶ 29}** The city argues that, far from having a clear legal duty to hold a hearing, it was under a legal duty to discharge Milum. The city's position rests on CCSC Rule 6.70(A), which provides: "In the absence of an appropriate eligible

7

list, any place in the classified service may be filled temporarily, without test, but no such temporary appointment shall continue after the establishment of a suitable eligible list * * *." Similar language appears in the city charter: "In the absence of an appropriate eligible list, any place may be filled temporarily, without test, for the period limited by the civil service rules, but not exceeding one year." Charter, Chapter 27, Section 130.

{¶ 30} We agree that these provisions support the city's decision to remove Milum from his temporary appointment as a Class B operator, but whether the city was required to discharge him completely, rather than move him to a different position, is a separate question, upon which we today offer no opinion. This is precisely the sort of issue that should first be addressed by the Rule 9.22 referee, who is expressly authorized to issue conclusions of law.

{¶ 31} Based on the plain language of the rules and the facts in the record, we hold that the city was under a clear legal duty to appoint a referee to conduct a hearing, pursuant to Rule 9.22.

*Adequate Remedy in the Ordinary Course of Law*

{¶ 32} The commission voted at its June 22, 2012 meeting to deny Milum's request for a disciplinary hearing. The city argues that this decision was an appealable order under R.C. 2506.01 and that because he did not appeal, Milum failed to exhaust his remedies. We hold that the commission's decision was not appealable, and therefore Milum had no adequate remedy in the ordinary course of law.

{¶ 33} R.C. 2506.01 permits parties to appeal the final decisions of political subdivisions "that result from a quasi-judicial proceeding in which notice, a hearing, and the opportunity for the introduction of evidence have been given." *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 8. Milum could not pursue an R.C. 2506.01 administrative appeal, because the commission's vote to deny him a Rule 9.22

hearing was not a quasi-judicial proceeding. *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 54-55 (auditor's decision not to place property on tax-exempt list was not a quasi-judicial proceeding).

{¶ 34} The city failed to provide fair notice of the proceeding. The June 1 letter from Secretary Ambroz indicated that the commission would "permit" Milum and his counsel "to appear before the Commission * * * in order to further argue for the reinstatement of [Milum's] former position of employment." The letter gave no indication that the commission would take up the separate question of whether Milum was entitled to a Rule 9.22 hearing. We do not believe that an unannounced change to the agenda comports with the notice requirement of due process. *State v. Mateo*, 57 Ohio St.3d 50, 52, 565 N.E.2d 590 (1991) (holding that the essence of due process is notice and a *meaningful* opportunity to be heard).

{¶ 35} Nor was Milum afforded a hearing with the opportunity to introduce evidence. To the contrary, the Ambroz letter expressly informed Milum that "the Commission will limit argument to 15-20 minutes."

{¶ 36} To be clear, whether a proceeding is a quasi-judicial one from which an R.C. 2506.01 appeal may be taken depends upon what the law requires the agency to do, not what the agency actually does. *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 166 Ohio App.3d 171, 2005-Ohio-6817, 849 N.E.2d 1064, ¶ 15; *In re Appeal of Howard*, 73 Ohio App.3d 717, 719, 598 N.E.2d 165 (10th Dist.1991). When there is no requirement for notice, hearing, or an opportunity to present evidence, the proceedings are not quasi-judicial. *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 290 N.E.2d 562 (1972), paragraph two of the syllabus.

{¶ 37} Even though the city allowed Milum the opportunity to be heard, the civil service rules did not require the commission to conduct an evidentiary hearing on Milum's request for a Rule 9.22 hearing. Therefore, the commission's

denial of the request did not arise from a quasi-judicial proceeding and was not appealable. *State ex rel. Rieke v. Hausrod*, 59 Ohio St.2d 48, 391 N.E.2d 736 (1979).

**{¶ 38}** The court of appeals faulted Milum and his counsel for not appearing before the commission to argue for reinstatement. 2013-Ohio-374 at ¶ 20. The city suggests that by declining the opportunity to make an oral argument for reinstatement, Milum failed to exhaust his administrative remedies.

**{¶ 39}** However, it is not accurate to call what Milum was offered an administrative remedy. As noted, the commission was under no statutory compulsion to permit Milum to present evidence in support of his request for a Rule 9.22 hearing, and based on the representations in Ambroz's letter, Milum could have had no reasonable expectation that he would be permitted to present such evidence. A party is not required to pursue administrative remedies when no administrative remedy exists. *State ex rel. Natl. Elec. Contrs. Assn. v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 184, 699 N.E.2d 64 (1998).

**{¶ 40}** We therefore hold that a writ of mandamus is the proper remedy because Milum had no adequate remedy in the ordinary course of law.

*Conclusion*

**{¶ 41}** For the foregoing reasons, we conclude that the court of appeals abused its discretion by entering judgment in favor of the city and denying the requested writ. We therefore reverse the judgment of the Eighth District Court of Appeals and grant a writ of mandamus to compel the city of Cleveland to appoint a referee to conduct a hearing, pursuant to CCSC Rule 9.22.

Judgment reversed

and writ granted.

PFEIFER, O'DONNELL, and O'NEILL, JJ., concur.

FRENCH, J., concurs in judgment only.

O'CONNOR, C.J., and LANZINGER, J., dissent.

_____

**LANZINGER, J., dissenting.**

{¶ 42} While I agree that the Cleveland Civil Service Commission should have handled its termination of Jeffrey Milum's employment with the city of Cleveland in a more satisfactory manner, I dissent from the majority's decision and would hold that Milum is not entitled to the extraordinary legal remedy of mandamus.

## I. Case Background

{¶ 43} The record in this case presents a complex and sometimes confusing sequence of events that detail Milum's attempts to secure his continued employment with the city. A review of the facts relevant to the specific relief sought by Milum in this mandamus action is essential to addressing the issues it presents. Milum served as a full-time Class A construction-equipment operator from December 7, 2009, until February 25, 2011, when he was reclassified as a temporary Class B employee. On April 20, 2012, he received a "Notice of Pre-Hearing Conference" from the city alleging that he ranked tenth on the civil service list for the position of construction-equipment operator, Class B, and informing him that a prediscplinary hearing would be held in three days. Following that hearing on April 23, 2012, Milum was discharged from his employment.

{¶ 44} On April 23, 2012, Rachid Zoghaib, commissioner of the Division of Water Pollution Control, Department of Public Utilities, sent Milum a letter discharging him from employment, effective that day, because his employment was conditioned upon the lack of an eligibility list.[2] Zoghaib stated that an eligibility list based on a written examination had been established on March 23,

---

[2] The terms "eligibility list" and "eligible list" are used interchangeably throughout the record.

2012, and Milum ranked tenth out of 23 persons on the list, rendering him ineligible for further employment.

{¶ 45} Later on April 23, 2012, Milum submitted a letter to the civil service commission stating that he could be discharged only for cause pursuant to Civil Service Rule 6.80(D) and demanding a disciplinary hearing before a referee pursuant to Civil Service Rule 9.22. On April 27, a second discharge letter, signed by Barry A. Withers, director of Public Utilities, informed Milum that to remain in his current position, he was required to pass the civil service test with a score high enough to be considered for employment. Withers added that after the civil service test was administered and graded, Milum was rendered ineligible to remain in his temporary position and as a result was being discharged from employment on April 27, 2012.

{¶ 46} On May 1, 2012, Lucille Ambroz, secretary of the Cleveland Civil Service Commission, sent an e-mail to Milum's attorney stating that the April 23 hearing "was incorrectly characterized as a disciplinary hearing" and that "Mr. Milum was terminated because he did not score sufficiently high enough to retain his position," apparently referring to the April 27 letter signed by Withers, the director. Milum's attorney responded by e-mail later that day, stating, "My * * * demand for a hearing stands, regardless of what your letter says about Mr. Milum's termination." On May 22, 2012, Milum's attorney sent another e-mail to Ambroz, stating:

> Tomorrow will be a month since I requested the below noted hearing for Mr. Milum. If you do not confirm by return email this week that the requested hearing will be scheduled in the near future, I will be filing a lawsuit which will seek an order that requires the Civil Service Commission's compliance with its own rules.

**{¶ 47}** On June 1, 2012, Ambroz informed Milum's attorney that a hearing had been scheduled for Milum to appear before the civil service commission on June 22, 2012. As noted by the majority, the letter stated that the original notice of discharge given to Milum on April 23 had been rescinded. The June 1 letter stated that Milum was being discharged from his employment because civil service eligibility lists had been posted and Milum did not score high enough to be rated as a top-three candidate for either a Class A or Class B position. The letter also provided that Milum was permitted to "further argue" for reinstatement at the June 22 hearing. Significantly, while the majority writes that the June 1 letter indicated that no Rule 9.22 hearing would occur, that letter did not state that Milum would not be allowed to argue that he was entitled to a Rule 9.22 hearing.

**{¶ 48}** On June 13, 2012, relator, the Municipal Construction Equipment Operators' Labor Council, filed on behalf of Milum a complaint in the Eighth District Court of Appeals commencing the mandamus action underlying the present appeal. Neither Milum nor his counsel appeared at the June 22 hearing, during which the commission denied Milum's request for a Rule 9.22 disciplinary hearing. Subsequently, on February 6, 2013, the Eighth District denied Milum's request for a writ of mandamus. 2013-Ohio-374 at ¶ 23.

## II. Legal Analysis

**{¶ 49}** To be entitled to a writ of mandamus, Milum must establish a clear legal right to the requested relief, a clear legal duty on the part of the city to provide it, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Cleveland v. Astrab*, ___ Ohio St.3d ___, 2014-Ohio-2380, __ N.E.2d ___, ¶ 19, citing *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. We have long noted that it "is elementary that mandamus is

an extraordinary legal remedy." *State ex rel. Evendale Local School Dist .Bd. of Edn. v. Griffin*, 161 Ohio St. 537, 541, 119 N.E.2d 886 (1954).

{¶ 50} In this case, Milum has failed to establish both a legal right to a neutral referee and a Civil Service Rule 9.22 hearing and a legal duty of the city to provide that relief. Milum is not entitled to the extraordinary legal remedy of mandamus, because he failed to follow the proper procedures for obtaining a neutral referee and a Rule 9.22 hearing and instead abandoned his request for that relief in favor of this mandamus action.

{¶ 51} Before seeking mandamus, Milum was required to follow the procedures set forth in the Civil Service Rules for the relief he now seeks. Milum did, in fact, initiate this process by repeatedly requesting a hearing. Instead of taking advantage of the opportunity to pursue this request, however, Milum abandoned the civil service process in favor of this mandamus action. Mandamus is not a substitute or alternate method of obtaining relief for parties to pursue when they do not like how the prescribed course of litigation is proceeding. Because he completely abandoned his attempt to obtain relief in the proper fashion, Milum is precluded from obtaining mandamus relief.

{¶ 52} I disagree with the majority's conclusion that the record demonstrates that Milum had no indication that he could argue in favor of his request for a Rule 9.22 hearing at the June 22 meeting and that he was accordingly denied due process. The majority relies upon Ambroz's June 1 letter, which, however, did not state that Milum would not be permitted to argue in favor of a Rule 9.22 hearing. The letter noted that Milum had demanded a hearing pursuant to Rule 9.22, it stated the reason for his discharge, and it informed Milum that a hearing had been scheduled for June 22 "in order to further argue for the reinstatement of [Milum's] former position of employment."

{¶ 53} The letter did not deny the request for a Rule 9.22 hearing. Instead, it appeared to assume that Milum would argue in favor of this request

when it said that he would be able to "further argue" for reinstatement, in other words, to argue for reinstatement along with a Rule 9.22 hearing. This reading of the letter is supported by several events: Milum never withdrew his April 23 demand for a Rule 9.22 hearing, and his attorney had renewed his demand for a hearing in his May 1 and 22 e-mails to Ambroz. And during the June 22 meeting that Milum chose not to attend, the chairperson of the commission opened the discussion by stating, "Item No. 17. Consideration of the request for a disciplinary hearing for Jeff Milum." Thus, the commission continued to be under the impression that Milum still demanded a Rule 9.22 hearing.

{¶ 54} Although the commission's procedures throughout the proceedings in this case were sloppy and Ambroz's June 1 letter may have been inartfully worded, Milum was never told that he was precluded from arguing in favor of his demand for a Rule 9.22 hearing. Far from being denied due process, Milum simply abandoned his demand for a Rule 9.22 hearing by failing to appear at the June 22 meeting.

{¶ 55} I would accordingly affirm the Eight District's denial of Milum's request for mandamus relief.

### III. Conclusion

{¶ 56} There was a way by which Milum could have obtained the relief he now seeks: he could have appeared at the June 22 meeting to renew his demand for a Rule 9.22 hearing. Because Milum rejected this available path, he is not entitled to a writ of mandamus. I respectfully dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

————————————

Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., Stewart D. Roll, and Patricia M. Ritzert, for appellant.

Barbara A. Langhenry, Director of Law, and James C. Cochran, Assistant Director of Law, for appellee.

_____