[Cite as *Nyland v. Olmsted Falls City Council*, 2019-Ohio-4257.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TED NYLAND, ET AL.,                    :

    Plaintiffs-Appellants,         :

                                   No. 107845

    v.                             :

OLMSTED FALLS CITY COUNCIL,             :

    Defendant-Appellee.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 17, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-885011

---

### *Appearances:*

Riley, Resar & Associates, P.L.L., and Kenneth R. Resar,
*for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} Plaintiffs-appellants Ted and Marie Nyland ("the Nylands") appeal from the trial court's order granting defendant-appellee Olmsted Falls City Council's ("council") motion to dismiss for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## I. Statement of the Facts

{¶ 2} This appeal stems from the Baker's Creek Bridge ("bridge") located on private property in Olmsted Falls, and council's adoption of Olmsted Falls resolution No. 36-2017 ("resolution No. 36-2017") declaring the bridge a nuisance that requires abatement.

{¶ 3} The bridge is located on a private road known as the extension of East River Road. The bridge abutments are located upon three separate parcels of privately owned real property. The bridge abutments on the west side are located on two parcels of real property — a northern parcel and a southern parcel. The northern parcel is owned by the Nylands. The owners of the other properties abutting the bridge are not parties to this lawsuit and will not be discussed.

{¶ 4} The bridge provides access to nine homes located on East River Road. Due to the deteriorating condition of the bridge, council determined in 2016 that the bridge was not safe for automobile traffic. The bridge was closed and a temporary access drive was used by the nine families to access their homes.

{¶ 5} Council adopted resolution No. 16-2017 on April 25, 2017, declaring its intent to determine (1) whether the bridge was a public nuisance, and (2) the right, necessity, and reasonable means to abate the nuisance, if such a nuisance was found. The affected property owners, including the Nylands, were provided notice of public hearings held on May 8, 2017, and June 5, 2017, to address resolution No. 16-2017.

{¶ 6} During the public hearings, residents voiced their concerns and opinions regarding the bridge and submitted supporting materials. Professional opinions were provided by the city engineer and the city fire chief. Based upon the testimony and evidence, council adopted resolution No. 36-2017 on July 25, 2017, concluding that the bridge is a nuisance and its abatement is required for the health, safety, and welfare of the neighborhood and city.

{¶ 7} Resolution No. 36-2017 authorizes (1) the city engineer to proceed with planning and developing specifications for replacement of the bridge; (2) the mayor to advertise for bids and to enter into one or more contracts for replacement of the bridge; (3) the director of finance to collect the proportionate charges as stated in exhibit No. 1 to the resolution, and to collect those charges as special assessments, if necessary; and (4) the law director to take legal action to effectuate the abatement of the nuisance and recovery of the charges allocated to the affected property owners. Council found no deed provisions exist to ascribe responsibility for maintenance of the bridge to any of the neighboring properties. Resolution No. 36-2017 states bids will be obtained for the project and describes the allocation of costs, as special assessments if necessary, to all ten property owners impacted by the bridge, including the Nylands.[1]

---

[1] Nine homes are located on East River Road. The Nylands access their driveway without traversing the temporary access road used in lieu of the closed bridge. Because the Nylands' property abuts the closed bridge, resolution No. 36-2017 impacts ten property owners — the nine East River Road property owners and the Nylands.

{¶ 8} On August 24, 2017, the Nylands filed a notice of appeal from the adoption of resolution No. 36-2017. The Nylands alleged the adoption of resolution No. 36-2017 was "unconstitutional, illegal, arbitrary, capricious, unreasonable, discriminatory, contrary to law and unsupported by the preponderance of substantial, reliable and probative evidence." The Nylands believed the court's jurisdiction was premised on R.C. 2506.01 that provides when final orders of a political subdivision may be reviewed by a court of common pleas.

{¶ 9} On December 15, 2017, council filed a motion to dismiss citing lack of subject matter jurisdiction. The Nylands filed a brief in opposition on January 4, 2018, and council submitted a reply brief on January 10, 2018. The trial court granted council's motion to dismiss on September 27, 2018, finding that the council's acts were legislative in nature, rather than administrative, and the trial court lacked subject matter jurisdiction. The Nylands filed this timely appeal on October 25, 2018.

## II. Law and Analysis

{¶ 10} "'Subject-matter jurisdiction is the power conferred on a court to decide a particular matter on its merits and render an enforceable judgment over the action.'" *Pivonka v. Sears*, 2018-Ohio-4866, 125 N.E.3d 343, ¶ 35 (8th Dist.), quoting *ABN AMRO Mtge. Group, Inc. v. Evans*, 8th Dist. Cuyahoga No. 96120, 2011-Ohio-5654, ¶ 5, quoting *Udelson v. Udelson*, 8th Dist. Cuyahoga No. 92717, 2009-Ohio-6462. Appellate review of a motion to dismiss for lack of subject matter

jurisdiction is a question of law that is subject to de novo review. *D'Agnese v. Holleran*, 8th Dist. Cuyahoga No. 83367, 2004-Ohio-1795, ¶ 23.

{¶ 11} In accordance with R.C. 2506.01(A), except for enumerated exceptions, "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas." Despite this broad language, whether an action by a public body is appealable under R.C. 2506.01 depends upon whether the act is legislative or administrative in nature.

{¶ 12} Acts that are the result of a legislative body exercising its legislative authority are not subject to appeal. *Berg v. Struthers*, 176 Ohio St. 146, 146-147, 198 N.E.2d 48 (1964). A legislative body performs a legislative act when it creates law whereas an administrative act occurs when the legislative body executes or administers an existing law. *Donnelly v. Fairview Park*, 13 Ohio St.2d 1, 4, 233 N.E.2d 500 (1968).

{¶ 13} A legislative body acts administratively when it engages in a quasi-judicial proceeding. Quasi-judicial authority is "the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial." *Jamison v. Galena*, 2015-Ohio-2845, 38 N.E.3d 1176, ¶ 28 (5th Dist.). Quasi-judicial proceedings allow for the exercise of discretion. *Beachland Ents. v. Cleveland Bd. of Rev.*, 8th Dist. Cuyahoga No. 99770, 2013-Ohio-5585, ¶ 45. Moreover, quasi-judicial proceedings require notice, hearing, and

the opportunity for introduction of evidence. *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 290 N.E.2d 562 (1972), paragraph two of the syllabus.

{¶ 14} The question presented here is whether the adoption of resolution No. 36-2017 represents a legislative act by council or a final order of a quasi-judicial proceeding. The determination of "whether a proceeding is a quasi-judicial one from which an R.C. 2506.01 appeal may be taken depends upon what the law requires the agency to do, not what the agency actually does." *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, ¶ 36, citing *State ex rel. Hilltop Basic Resources, Inc. v. Cincinnati*, 166 Ohio App.3d 171, 2005-Ohio-6817, 849 N.E.2d 1064, ¶ 15 (1st Dist.). If the governing law does not require the agency to incorporate notice, a hearing, and an opportunity to present evidence, the proceedings are legislative in nature, rather than quasi-judicial, regardless of whether the agency adopts such procedures. *In re Appeal of Howard*, 73 Ohio App.3d 717, 719-720, 598 N.E.2d 165 (10th Dist. 1991).

{¶ 15} Thus, the provision of notice, a hearing, and the opportunity to introduce evidence is not dispositive in determining whether a legislative body completed a quasi-judicial act. The critical factor is whether the legislative body was required by governing law to provide those due process rights.

{¶ 16} In their assignment of error, the Nylands argue the trial court erred when it determined council's adoption of resolution No. 36-2017 was a legislative act and, therefore, not subject to appeal to the court of common pleas under

R.C. 2506.01. The Nylands argue the council's adoption of the resolution was a final, quasi-judicial administrative act that is appealable under R.C. 2506.01. Council challenges that its use of a quasi-judicial format, in the adoption of resolution No. 36-2017, was voluntary, not mandatory, and because resolution No. 36-2017 was legislative in nature, the common pleas court lacked subject matter jurisdiction to hear the appeal.[2] We agree with council.

{¶ 17} Council provided the due process rights of notice, hearings, and an opportunity to present evidence. Council provided notice of and conducted hearings on May 8, 2017, and June 5, 2017 to discuss the bridge. During the hearings, residents and professionals voiced their opinions and submitted supporting documentation. However, no applicable legislation required council to give notice, a hearing, or provide an opportunity to accept evidence when determining whether the bridge was a nuisance and required abatement.

{¶ 18} Resolution No. 36-2017 references existing laws including R.C. Chapter 715 and the Olmsted Falls Codified Ordinances, Chapters 1472 and 1474. The inclusion of existing Ohio law within a resolution does not categorize the resolution as an administrative act:

> [A] holding that an ordinance is administrative simply because it contains language directing that Ohio law should be followed would result in the extinction of "virtually all legislative actions." Manifestly, an ordinance can create a law but still provide that its implementation be in accordance with existing law.

---

[2] Council has not filed an appellee brief and we rely on council's arguments presented in its motion to dismiss the instant appeal and reply brief filed in the lower court in response to the Nylands' notice of appeal from the city of Olmsted Falls' adoption of resolution 36-2017.

*State ex rel. Citizen Action v. Hamilton Cty. Bd. of Elections*, 115 Ohio St.3d 437, 2007-Ohio-5379, 875 N.E.2d 902, ¶ 39.

{¶ 19} The purpose of resolution No. 36-2017 is to declare the bridge a nuisance, order its abatement, and authorize and direct the replacement of the bridge. Resolution No. 36-2017 states that it is an "emergency measure necessary for the immediate preservation of the public peace, health and safety of the City."

{¶ 20} While council gathered information through an administrative process — one that incorporated notice, hearings, and the introduction of evidence — it was not required to do so. Council's use of an administrative setting was voluntary, not mandatory. Therefore, council's adoption of resolution No. 36-2017 did not arise from a quasi-judicial proceeding and was not appealable under R.C. 2506.01. *State ex rel. Mun. Constr. Equip. Operators' Labor Council*, 141 Ohio St.3d 113, 2014-Ohio-4364, 22 N.E.3d 1040, at ¶ 37.

{¶ 21} Further, we agree with council that resolution No. 36-2017 is not a final order as required for appeal purposes under R.C. 2506.01. *See, e.g.*, *Thomas v. Beavercreek*, 105 Ohio App.3d 350, 356, 663 N.E.2d 1333 (2d Dist.1995). Resolution No. 36-2017 is a preliminary declaration of council regarding the demolition of the bridge. Prior to demolition of the bridge, which is comparable to a taking of property, we anticipate council will take such action as is necessary for it to comply with applicable law regarding its taking of private property. *See, e.g.*, *Cleveland v. Bedol*, 8th Dist. Cuyahoga No. 93061, 2010-Ohio-1978, ¶ 18.

**{¶ 22}** For the foregoing reasons, council's motion to dismiss was properly granted because the trial court lacked subject matter jurisdiction under R.C. 2506.01. It is on this basis that we affirm the trial court's granting of council's motion to dismiss and overrule the Nylands' assignment of error. [3]

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
LARRY A. JONES, SR., J., CONCUR

---

[3] We note the September 27, 2018 journal entry states council's actions were legislative and the matter is dismissed for lack of subject matter jurisdiction pursuant to Civ.R. 41(B)(4)(b). We presume the trial court intended to reference Civ.R. 41(B)(4)(a) that allows for dismissal for lack of subject matter jurisdiction rather than 41(B)(4)(b) that applies when there is a failure to join a party.